**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

NEWCO DINING, LLC                                                                                    PLAINTIFF

vs.                                                                          Civil Action No.  3:06-cv-708-HTW-LRA

THREE AMIGOS ENTERPRISES, L.P., ET AL.                                        DEFENDANTS

**MEMORANDUM OPINON AND ORDER**

I.  Introduction

Before this court is plaintiff Newco Dining, LLC's ("Newco") motion for summary judgment brought pursuant to Fed. R. Civ. P. 56(b)[1] and (c)[2] [**Docket No. 49**].  Newco seeks summary judgment as to defendant Three Amigos Enterprises, L.P.'s ("Three Amigos") counterclaim against Newco for the plaintiff's alleged failure to indemnify Three Amigos in a separate lawsuit.  Also before this court are Newco's motions (1) to amend its complaint to join additional parties out of time submitted pursuant to Fed. R. Civ. P. 20[3] [**Docket No. 31**], and (2) to compel production of subpoenaed documents

---

[1] Fed. R. Civ. P. 56(b) provides that "a party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim."

[2] Fed. R. Civ. P. 56(c) states, in pertinent part: "the judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."

[3] Fed. R. Civ. P. 20(a)(2) provides, in pertinent part, that "[p]ersons [...] may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

1

[**Docket No. 47**].

II. Statement of Relevant Facts

On November 6, 2004, Newco, as seller, and Three Amigos, as buyer, entered into an Agreement for Purchase and Sale of Assets ("the Agreement") concerning the sale of three franchise restaurants known as Moe's Southwest Grill ("the Restaurants") located in various cities in Mississippi. The Agreement details the terms of the sale and includes an indemnity provision that is relevant to this lawsuit. The indemnity provision states as follows:

> [Newco] hereby assumes liability for, and [Newco] agrees to protect, defend, save and keep harmless [Three Amigos] and [its] officers, directors, employees, agents and representatives from and against all liabilities, claims, damages, suits, costs, and expenses, including reasonable legal fees and expenses, of whatever kind and nature […] which may be incurred by or imposed at any time on [Three Amigos] or the [Restaurants and attendant assets] in any way relating to or arising out of, or alleged (by a person, other than [Three Amigos]) to, in any way, relate to, arise out of, [Newco's] operation of the Restaurants prior to the Closing Date.

On November 18, 2004, Michael Hylton ("Hylton"), general partner of Three Amigos, executed a promissory note ("the Note") in which Three Amigos agreed to pay Newco $600,000 in thirty-six monthly installments[4] for the purchase of the Restaurants. The Note includes details regarding Newco's and Three Amigos' respective rights and duties in the event that Three Amigos might default on the Note. The Note's default

---

[4] Under the terms of the November 18, 2004 Promissory Note ("the Note"), Three Amigos Enterprises, L.P. ("Three Amigos") became obligated to pay Newco Dining, LLC ("Newco") thirty-five consecutive and equal monthly installments of $12,022.77, with a first payment due on December 17, 2004. The thirty-sixth, and final, payment was to be a "balloon payment" in the amount of $279,197.78. Further, the Note was to draw interest from the date of execution amortized at the interest rate of 7.5% on the outstanding principal balance.

clause states, in pertinent part:

> If a default is made in the payment of this note or any part thereof, then upon the occurrence of any such event of default, [Newco] may, at its sole option, declare the whole sum then remaining unpaid, due and payable…In the case of an event of default, [Three Amigos] agrees to pay all costs of collection including reasonable attorney's fees, whether or not suit and/or foreclosure are instituted. [Newco] may exercise its option to accelerate following any event of default of [Three Amigos] regardless of any prior forbearance…Upon any default in the payment of this Note, [Newco] may, at its sole option, declare this Note to be immediately due and payable and invoke any and all remedies permitted by law.

Newco asserts Three Amigos failed to pay the installments it owed Newco in October and November 2006. After Three Amigos did not make its October 2006 payment, Newco provided Three Amigos notice of default. Newco then offered Three Amigos an opportunity to cure the default within ten days of the notice. Further, Newco claims it warned Three Amigos that its failure to cure the default within the ten-day period would cause Newco to accelerate the full payment of the Note.

Three Amigos allegedly refused to cure its October 2006 default and did not pay the amount due to Newco in November 2006. On November 30, 2006, Newco sent a notice to Three Amigos, stating that because Three Amigos had not cured its October 2006 default, Newco was exercising its rights to accelerate the Note and demanded that Three Amigos tender the remaining balance to Newco within seven days. On December 15, 2006, Newco filed the instant lawsuit seeking $405,542.46, the amount allegedly remaining under the terms of the Note, plus pre-judgment and post-judgment interest, attorney's fees and expenses, and all court costs.

Three Amigos subsequently filed a counter-claim against Newco. Three Amigos claims that in 2005, Janie Atkinson ("Atkinson") filed Civil Action No. 1:05-cv-3325-CAP

("the Atkinson lawsuit") in the United States District Court for the Northern District of Georgia seeking damages and injunctive relief against 131 Moe's Southwest Grill franchisees, including Three Amigos. Three Amigos alleges Newco failed to indemnify Three Amigos in the Georgia litigation, thereby violating the Agreement and causing damages to Three Amigos.

### III.  Newco Dining's Motion for Summary Judgment

The court should grant Newco's summary judgment motion if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [Newco] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). In determining whether there exists a genuine dispute as to any material fact, the court must consider all of the evidence in the record but refrain from making any credibility determinations or weighing the evidence. *Id.* (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)). The court makes all reasonable inferences in favor of the non-moving party, *Reeves*, 530 U.S. at 150; "however, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner,* 476 F.3d at 343. The court denies Newco's motion for summary judgment because there exist genuine issues as to whether Newco failed to defend and indemnify Three Amigos in the Atkinson lawsuit.

IV. Newco Dining's Motion to Amend Complaint to Join Additional Parties Out of Time

Newco moves pursuant to Fed. R. Civ. P. 20 to amend its original complaint to include Hylton, individually, and Michael Hylton Enterprises, Inc. ("Hylton Enterprises") as additional defendants in this lawsuit.  On March, 22, 2007, this court issued a scheduling order in this case.  The scheduling order mandated that all motions for joinder of parties or amendments to the pleading be filed by April 15, 2007.  The plaintiff claims that because discovery had not been conducted at the time of the joinder deadline, Newco had no means to ascertain which additional parties should be joined.  Newco further claims it did not discover that Hylton Enterprises is the general partner of Three Amigos or that Hylton, individually, is a limited partner of Three Amigos until after the joinder deadline when Three Amigos submitted their responses to written interrogatories to Newco.

The well-established purpose of permissive joinder, as provided by Rule 20, is to promote trial convenience and expedite the resolution of lawsuits. *See* 1 *Moore's Fed. Practice,* § 20.02 (Matthew Bender 3d ed.).  The deadline for joinder of parties or amendments to Newco's complained elapsed on April 15, 2007; however, Newco did not file its Rule 20 motion for permissive joinder until November 21, 2007.

This court finds, nevertheless, that Newco has demonstrated good cause for failing to meet the April 15, 2007 joinder deadline.  Thus, the court grants Newco leave to amend its complaint to include Hylton, individually, and "Hylton Enterprises" as additional defendants in this lawsuit.

V. Newco Dining's Motion to Compel Production of Subpoenaed Documents

Newco asserts it caused to be issued and served subpoenas duces tecum to the

5

following "third-parties": (1) Moe's Atlanta Co-Op, Inc.; (2) Raving Brands Holdings, Inc.; (3) Raving Brands, Inc.; (4) Moe's Southwest Grill, LLC; and (5) H. Martin Sprock, III. According to Newco, the subpoenas duces tecum requested documentation evidencing an offer of indemnification to Three Amigos, L.P. from the claims asserted in the Atkinson lawsuit. Newco further states the above-mentioned third-parties objected to the subpoenas on the grounds that the request was not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the third-parties' claim some of the information sought is confidential or contains trade secrets.

The plaintiff claims the information it seeks is imperative to Newco's defense against Three Amigos' counter-claim against Newco. Newco argues that due to the alleged confidential nature of the requested documents, this court should issue a protective order pursuant to Fed. R. Civ. P. 26(c). Thus, says Newco, this court should compel the third-parties' compliance with the subpoenas duces tecum. Further, Newco argues the court should order the plaintiff to use the documents solely for the purposes of the instant litigation and forbid Newco from disseminating the information in any manner.

This court is persuaded to grant Newco's motion to compel the third-parties to produce the subpoenaed documents, under a protective order submitted by the parties and approved by the court. Further, the court orders the plaintiff to use the information contained within those documents solely for the purposes of this lawsuit.

## VI.  Conclusion

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's motion for summary judgment is denied. Further, this court grants the plaintiff's motion to amend

its complaint to join additional parties out of time and its motion to compel production of subpoenaed documents, with the above understanding relative to a protective order.

The court will try the issues herein on March 23, 2009, with a Pre-Trial Conference scheduled for March 3, 2009.

**SO ORDERED, this the 3rd day of September, 2008.**

**S/HENRY T. WINGATE**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**