IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**NEWCO DINING, LLC**                                                   **PLAINTIFF**

**V.**                          **CIVIL ACTION NO. 3:06-cv-708 HTW-LRA**

**THREE AMIGOS ENTERPRISES L.P.,**
**MICHAEL HYLTON ENTERPRISES, INC. AND**
**MICHAEL HYLTON, INDIVIDUALLY**                       **DEFENDANTS**

## ORDER DENYING MOTION TO DISMISS

Before the court is a motion to dismiss for failure to state a claim [docket no. 80] filed by defendant Michael Hylton.[1] This matter is an attempt to collect the balance due on a promissory note in default, which was issued to defendant Three Amigos Enterprises, L.P. by plaintiff Newco Dining, LLC. The defendant argues that plaintiff's allegations are inadequate to support his liability as a general partner of Three Amigos Enterprises, Inc. The plaintiff responds that Hylton held himself out as a general partner by signing the promissory note in question and thus, by operation of estoppel is liable as a general partner. The court held a hearing on this motion on March 11, 2009.

**Facts and Procedural Posture**

On November 18, 2004, Michael Hylton signed a promissory note on behalf of defendant Three Amigos Enterprises, L.P. Three Amigos defaulted on the note in November 2006.

On December 15, 2006, plaintiff Newco Dining, LLC filed suit against Three

---

[1]The hearing was set to also consider Newco's motion for protective order [docket no.s 102 and 103]. Those motions are not considered herein, however, because the court entered an agreed order granting defendant an extension of time, allowing him to file his response on or before March 16, 2009.

1

Amigos Enterprises L.P., requesting relief in the amount of $405,542.46, the amount due on the promissory note, as well as unpaid interest accruing, reasonable attorney's fees, expenses and court costs. On February 21, 2008, Newco filed an amended complaint adding defendants Michael Hylton Enterprises, Inc., and Michael Hylton, individually, alleging that as general or limited partners with Three Amigos, one or both are liable for the debt owed under the promissory note.

On July 22, 2008, defendant Michael Hylton, individually, filed a motion to dismiss for failure to state a claim [docket no. 80].

## Analysis of Law

**Jurisdiction**

Newco asserts that this court has jurisdiction under Title 28 U.S.C. § 1332(a)(1), which states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States." It is undisputed in this matter that plaintiff is a resident of the forum state, and all defendants are non-residents. Further, the amount in controversy, as expressly requested in the complaint, exceeds the requisite jurisdictional amount. Therefore, this court finds that it has jurisdiction of this matter. Accordingly, this court applies the substantive law of Mississippi to this dispute. *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

**Motion to Dismiss for Failure to State a Claim**

Michael Hylton argues that Newco's claims against him should be dismissed

2

under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

When considering a motion to dismiss, the court accepts as true all factual allegations in the complaint. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161, 122 L. Ed. 2d 517, 522 (1993). As for motions to dismiss pursuant to Rule 12(b)(6), Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," i.e., sufficient to give the defendant notice of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081, 1085 (2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1965 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957))). In order to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff does not need detailed factual allegations. *Twombly*, 127 S. Ct. at 1964. Plaintiff must present "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974 The allegations of a complaint must not be conclusory; otherwise, a defendant is not placed on notice of the grounds for the claim. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Conclusory allegations cannot survive a motion to dismiss. *Id.*

Hylton asserts that plaintiff's complaint lacks any counts specifying exactly what it is alleging and against whom it makes the allegation. The allegations relating to Hylton state "the General Partner (whether that be Michael Hylton Enterprises, Inc. or Hylton) is liable to third parties for debts of the limited partnership." The complaint goes on to state:

> [t]herefore, either Michael Hylton Enterprises, Inc. or Hylton, or both, is/are liable to Plaintiff for the Promissory Note given by Three Amigos. Additionally, Hylton is liable to Plaintiff for the Promissory Note given by Three Amigos because for all intents and purposes Hylton is also the general partner, and because Hylton participated in the control of the business as a limited partner.

Newco references Mississippi Code Annotated Section 79-14-303[2] in its complaint for the premise that a limited partner who participates in the control of the business is liable for the debts of the partnership.

Hylton asserts that Mississippi law does not apply in this case because Three Amigos is a Georgia limited partnership, and liability is established according to the law in which the defendant corporation was formed. The Mississippi Limited Partnership Act, states in pertinent part "[s]ubject to the Constitution of this state, (1) the laws of the state under which a foreign limited partnership is organized govern its organization and internal affairs *and the liability of its limited partners*. Miss. Code Ann. § 79-14-901 (emphasis added). The pertinent portion of the Georgia code, Georgia's Revised Uniform Limited Partnership Act, provides that "[a] limited partner is not liable for the obligations of a limited partnership by reason of being a limited partner and does not become so by participating in the management or control of the business." O.C.G.A. § 14-9-303. However, plaintiff argues that Hylton's actions in signing the promissory note

---

[2]Mississippi Code Annotated Section 79-14-303(a) states:

(a) Except as provided in subsection (d) of this section, a limited partner is not liable for the obligations of a limited partnership unless he is also a general partner or, in addition to the exercise of his rights and powers as a limited partner, he participates in the control of the business. However, if the limited partner participates in the control of the business, he is liable only to persons who transact business with the limited partnership reasonably believing, based upon the limited partner's conduct, that the limited partner is a general partner.

4

and holding himself out as a general partner of Three Amigos estop him from claiming protection of the Georgia statute.

In *Antonic Rigging & Erecting, Inc. v. Foundry East Ltd. Partnership*, 773 F. Supp. 420, 431 (S.D. Ga. 1991), the United States District Court for the Southern District of Georgia stated:

> [n]otwithstanding the plain language of the Georgia statute, there are conceivably some situations in which a limited partner in a Georgia limited partnership may become liable as a general partner. The Joint Committee Outline states that: "Third parties are protected if . . . they are misled by a limited partner's participation in control into believing that such individual is a general partner by their ability to impose liability upon such limited partner through estoppel, fraud or general equitable grounds under a 'veil piercing' theory." Joint Committee Outline § 303 (1988).

The court noted estoppel as one of those situations in which a limited partner in a Georgia limited partnership may become liable as a general partner. The court relied on Section 14-8-16 of the Official Code of Georgia which states:

> [w]hen a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made.

The court then explained that in a limited partnership, "a limited partner may become a general partner by operation of estoppel if that limited partner holds himself out as a general partner or consents to another person's representation that he is a general partner and a creditor relies on those representations." *Id.*

5

**Conclusion**

The promissory note was provided for this court, and the court finds that the promissory note was signed by Hylton as general partner as Newco alleges. This constitutes some evidence that Hylton held himself out as a general partner. However, the court is not fully persuaded by Newco's arguments as to Hylton's partnership status either as a matter of fact or as a matter of law. Therefore, Newco's motion to dismiss [docket no. 80] is denied.

Further, the parties shall be allowed 90 days, or not later than June 19, 2009, to complete discovery. The parties shall be allowed 30 days thereafter, or not later than July 19, 2009, to file dispositive motions.

**SO ORDERED**, this the 30th day of March, 2009.

s/ **HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:06-cv-708 HTW-LRA
Order Denying Motion to Dismiss